

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Stanley Timmins
County Attorney
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-1697
Re: In cases appealed from corpora-
tion courts to county courts,
where county courts have juris-
diction, what fees are allowed
county attorneys where they com-
ply with Art. 1070, C. C. P., be-
ing ready at all times to repre-
sent the state and being present
during term time?

Your letter of recent date, requesting the opinion of this department on the above question, has been given our careful attention.

We first point out that under the constitution, Article V, Section 21, providing that county attorneys shall receive as compensation only such fees as may be prescribed by law, and under Article 869, C. C. P., providing that county attorneys shall not be entitled to fees for services rendered in the prosecution of cases for the state in corporation courts, county attorneys, represent-ing the State in corporation courts, are not entitled to any fees for their services, the Legislature having abso-lute power over the question of the compensation payable to county attorneys. Harris County v. Steward, 41 S. W. 650, 43 S. W. 52; Howth v. Greer, 90 S. W. 211, 15 Tex. Jur. p. 415.

When, however, a misdemeanor case has been ap-pealed from the corporation court to the county court, such court having jurisdiction thereof, and the county attorney has complied in all respects with Art. 1070, C. C. P., the county attorney is entitled to his fee as provided in Art. 1061, C. C. P., which reads:

"District and county attorneys shall be allowed the following fees in cases tried in the district or county courts, or a county court at law, to be taxed against the defendant:

"For every conviction under the laws against gaming when no appeal is taken, or when, on appeal, the judgment is affirmed, fifteen dollars.

"For every other conviction in cases of misdemeanor, where no appeal is taken, or when on appeal the judgment is affirmed, ten dollars."

Article 837, C.C.P., provides:

"Trials de novo. In all appeals from justice and corporation courts to the county court, the trial shall be de novo in the county court, the same as if the prosecution had been originally commenced in that court." (Underscoring ours).

Likewise, Articles 876 and 877, C.C.P., provide:

"Art. 876. Appeal

"Appeals from a corporation court shall be heard by the county court except in cases where the county court has no jurisdiction, in which counties such appeals shall be heard by the proper court. In such appeals the trial shall be de novo. Said appeals shall be governed by the rules of practice and procedure for appeals from justice courts to the county court, as far as applicable."

"Art. 877. Disposition of fees.

"The fine imposed on appeal and the costs imposed on appeal and in the corporation court shall be collected of the defendant, and such fine and the cost of the corporation court when collected shall be paid into the municipal treasury."

Hon. Stanley Timmins, page 3

The conviction being, if such is the case, in the county court, and being, under the quoted statutes, a trial de novo, and the county attorney having complied with Art. 1070, supra, he would be entitled to the statutory fee of ten dollars, under the circumstances set out in your communication.

Trusting that we have satisfactorily answered your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

By Zollie C. Steakley

ZCS:ob

APPROVED DEC 8, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE BY CHAIRMAN